IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTONIO A. ASH,                        )
                                       )
        Plaintiff,                     )
                                       )
                                       )    CIV-14-904-R
v.                                     )
                                       )
P. HAUNGS, DENISE ALSTON,              )
                                       )
        Defendants.                    )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the sufficiency of the Complaint under 28 U.S.C. §§ 1915(e)(2) has been conducted, and based on this review the undersigned recommends dismissal of the cause of action on filing.

I. Initial Review under 28 U.S.C. §1915(e)(2)

In considering a civil complaint filed *in forma pauperis*, the court has the responsibility to screen the complaint. 28 U.S.C. § 1915(e)(2). On review, the court must dismiss a cause of action filed *in forma pauperis* at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B). The same screening applies to prisoner's complaints filed against government officials. 28 U.S.C. §1915A(b).

1

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. No "heightened fact pleading" is required under this standard, but the plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's "well-pleaded facts," but not "conclusory allegations," to be true. McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001)(internal quotation omitted).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted).

II. Plaintiff's Claims

In his Complaint filed August 22, 2014, Plaintiff has named three defendants, Defendant P. Haungs, who is described as a prison official at Lawton Correctional Facility ("LCF"),

Defendant Denise Alston, who is also described as a prison official at LCF, and "GEO Corrections." Plaintiff was confined at LCF at the time he filed his Complaint. However, according to a notice of change of address filed by Plaintiff on September 10, 2014, Plaintiff has been transferred from LCF to Joseph Harp Correctional Facility.

In the background portion of the Complaint, Plaintiff alleges only that "facility officials charge[d] me with assault. . . . It was a clerical error by an officer on my misconduct Class X and they want [sic] change this falsified charge against me." Complaint, at 2. In count one of the Complaint, Plaintiff asserts the following claim for relief: "False charges against me that[ are] taking days from earned days gained on a non-violent sentence, backing my time up." As support for this claim, Plaintiff alleges he was charged with and found guilty of a "class X misconduct" of assault even though he "was the victim who got stabbed and went to the hospital for a punctured lung." Complaint, at 3. This vague claim is generously construed to assert that Plaintiff was denied due process in a disciplinary proceeding in which he was found guilty of the misconduct of assault because the misconduct conviction was not supported by sufficient evidence and that punishment for the misconduct conviction included the loss of an unspecified number of earned sentence credits.

In count two, Plaintiff alleges the following claim for relief: "Holding me in a 24-hour locked down pod without law library access or ability to use the phone daily or shower daily." Complaint, at 3. As support for this claim, Plaintiff alleges he is "in a locked down pod 24-hours a day [and] can[no]t access the law library for my case pending [in] the courts or use the phone on a daily basis. Being held with no evidence from the personnel on a charge that [i]s not

3

reliable with no substantial evidence." Id. This claim is generously construed to assert, in part, the same claim as alleged in count one. This vague claim is also generously construed to assert, in part, that the conditions of his disciplinary confinement in the prison's segregation unit violate his constitutional rights and that he is being denied his right of access to the courts due to his confinement in the segregation unit.

In count three, Plaintiff alleges as his claim for relief: "For forgery of documents from the officials and Warden." Complaint, at 4. As support for this claim, Plaintiff alleges "I have photocopied papers from GEO Corrections with false headings and signature that they made up here at Lawton Corrections and they are using these documents to keep me locked down 24-hours. Now I'm being shipped to another facility for reasons unknown." Id. It is difficult to discern the nature of Plaintiff's claim in count three. However, the claim may be generously construed to assert a denial of due process in the institutional disciplinary proceeding that resulted in his misconduct conviction for assault.

As relief for these claims, Plaintiff demands "the days back they took and my levels I would be on if they wouldn't [have] placed me in this locked down pod" and "monetary gain for my pain and suffurage [sic] from the stabbing that occurred and they get punished for all the corruption that goes on here at Lawtwon Correctional Facility."

Taking judicial notice of the Court's own records, Plaintiff has a pending 42 U.S.C. §1983 action in this Court naming GEO Corrections, LCF Warden Hector Rios, and LCF official Mr. Butler as Defendants. Antonio Ash v. Rio, et al., Case No. CIV-14-486-R. In the Complaint in that action filed May 12, 2014, Plaintiff alleged that he had been assaulted by other inmates

4

on April 8, 2014, that he was treated for a punctured lung at a hospital following the assault, and that he was being held in the prison's segregation unit because of a misconduct charge. In that action, Plaintiff has sought damages and a transfer to another facility because Defendants did not protect him from the assault.

III. Claims Seeking Habeas Relief

In this circuit, "the types of claims cognizable under [28 U.S.C.] § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, physical imprisonment, i.e., placement on parole or in a parole-like custodial setting, or immediate release from, or a shortened period of, custody altogether." Palma-Salazar v. Davis, 677 F.3d 1031, 1037 n. 2 (10th Cir. 2012). Plaintiff admits that earned sentence credits were revoked in the disciplinary proceeding he is challenging in his Complaint. With respect to Plaintiff's allegations that there was insufficient evidence to support the misconduct conviction, Plaintiff must pursue this claim, if at all, in a habeas action following exhaustion of available administrative and state judicial remedies. Therefore, the claims in the Complaint alleging a "false" misconduct charge of assault was brought against Plaintiff and that insufficient evidence was presented to support the misconduct conviction for assault should be dismissed without prejudice.

IV. Personal Participation

"Individual liability under §1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); see Jenkins v. Wood, 81 F.3d 988, 994-995 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a

5

constitutional violation.")(internal citation omitted). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Other than identifying the three Defendants in the caption, Plaintiff has not alleged any personal involvement by any of the Defendants in the remaining claims of alleged unconstitutional conditions of his confinement in the prison's segregation unit and alleged denial of access to the courts. These allegations are that he was "locked down 24-hours" and unable to "use the phone daily or shower daily" in the segregation unit and that he could not "access the law library." Accordingly, Plaintiff has failed to state a plausible claim for relief against each of the three named Defendants.

V. Failure to State a Claim for Relief - Conditions of Confinement and Access to Courts

The alleged conditions Plaintiff experienced in the prison's disciplinary segregation unit were obviously temporary as he was transferred to another prison soon after he filed this action. The alleged conditions do not create an inference of an Eighth Amendment deprivation, which would require evidence of the denial "of the minimal civilized measure of life's necessities" as measured under a contemporary standard of decency and that prison officials acted with deliberate indifference to his health or safety needs. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 809 (10th Cir. 1999)("An Eighth Amendment claim has both an objective component - whether the deprivation is sufficiently serious - and a subjective component - whether the official acted with a sufficiently culpable

6

state of mind."). The conditions were obviously temporary as Plaintiff was transferred to another prison soon after he filed this action, and he has not alleged that he was denied the use of a shower or a telephone during his temporary confinement in the disciplinary segregation unit, but rather that he was denied the use of a shower and a telephone on a daily basis. Plaintiff has not alleged that any Defendant was responsible for these alleged conditions. These allegations fall far short of the constitutional requirements for stating a plausible claim of an Eighth Amendment deprivation.

Finally, with respect to Plaintiff's claim that he was unable to access a law library during the period of time he was confined in the prison's disciplinary segregation unit, Plaintiff has not alleged that he has been actually injured in litigating his pending civil action as a result of this confinement. See Lewis v. Casey, 518 U.S. 343, 351-55 (1996)(recognizing there is no freestanding right to a law library or to legal assistance and inmate must show "relevant actual injury" from interference with his access to courts); Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010)(to state claim of denial of access to courts inmate must show that he suffered actual injury in that he was "frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement"). Thus, Plaintiff has not alleged a viable § 1983 claim of denial of the right of access to the courts.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and DISMISSED in part without prejudice to a 28

7

U.S.C. § 2241 action challenging his misconduct conviction for assault.

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___November 19th___, 2014, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___30th___ day of ___October___, 2014.

*[signature: Gary M. Purcell]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE