# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO A. ASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-14-904-R |
| | ) |
| P. HAUNGS, DENIS ALSTON, | ) |
| GEO CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff filed this action alleging violation of his constitutional rights and seeking relief pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On October 30, 2014, Judge Purcell issued a Report and Recommendation wherein he recommended that certain claims be dismissed without prejudice as they should be pursued pursuant to 28 U.S.C. § 2241, not § 1983, because Mr. Ash seeks reinstatement of earned credits revoked in the context of prison disciplinary hearings. With regard to any claim for which Plaintiff seeks damages against Defendants Haungs and Alston, Judge Purcell recommended dismissal because Plaintiff had failed to sufficiently allege personal participation of either individual Defendant or sufficient facts to support liability against GEO under § 1983, which does not provide for vicarious liability. Finally, Judge Purcell concluded that Plaintiff had failed to state a claim based on the alleged conditions of his confinement or for denial of access to the Courts.

Plaintiff filed a timely objection to the Report and Recommendation, giving rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and

Recommendation to which Plaintiff raises specific objection. In his objection, which this Court has liberally construed in light of Plaintiff's *pro se* status, Plaintiff does not take issue with Judge Purcell's recommendation that any portion of his Complaint that asserts claims under § 2241 be dismissed without prejudice to refiling such an action. Furthermore, to the extent Plaintiff seeks to hold Defendant's liable for his wrongful conviction in a disciplinary hearing, he may not proceed in a suit for damages until such time as his disciplinary conviction has been overturned. *See Fistell v. Neet*, 125 Fed.Appx. 219, 225 (10th Cir. 2005)(citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir.1987) (holding that a 28 U.S.C. § 2241 habeas petition is the appropriate means by which to seek restoration of good time credits rescinded at a disciplinary hearing).[1] Plaintiff also attaches documents to his objection which he believes support his claims against the individual Defendants and includes additional factual allegations against those persons, and in nearly each instance it appears that his supplemented claims stem from the disciplinary proceedings that he complains violated his constitutional rights. He adds, however, additional claims regarding denial of access to showers and other claims under the Eighth Amendment. Those allegations, however, are not contained within Plaintiff's complaint, and thus cannot be considered in the Court's assessment of whether Plaintiff has stated a claim against any Defendant.

The Court finds, however, that Plaintiff should be permitted leave to amend his

---

[1] Despite granting Plaintiff the liberal construction to which he is entitled, it is difficult to construe his objection, as he starts with case citations regarding exhaustion, which was not an issue raised by Judge Purcell other than in passing in the portion of the Report and Recommendation wherein he notes that any claim regarding loss of credits is not cognizable under § 1983 but must be pursued under § 2241. Any contention by Plaintiff that exhaustion should be excused or that remedies are unavailable can be raised in a § 2241 proceeding, but do not assist Plaintiff herein.

complaint. Any amended complaint, however, shall not address contentions that Plaintiff's rights were violated with regard to any disciplinary hearing he received, either the initial or the rehearing, such claims are properly addressed in a § 2241 action, as set forth above and in the Report and Recommendation. Rather, Plaintiff should limit his allegations to claims cognizable under § 1983, and should ensure that he sufficiently outlines claims and facts in support of such claims with regard to each of the named Defendants. Should Plaintiff desire to file an Amended Complaint, he may do so not later than December 30, 2014. Failure to timely file will result in dismissal of this action without prejudice.

For the reasons set forth above, the Report and Recommendation is hereby ADOPTED. Any claim Plaintiff is attempting to pursue regarding his disciplinary hearing is hereby DISMISSED WITHOUT PREJUDICE, as such claim must be pursued under 28 U.S.C. § 2241. Plaintiff's § 1983 claims are hereby dismissed without prejudice as Plaintiff has failed to sufficiently allege personal participation of any Defendant in his Complaint. He is, however, *sua sponte* granted leave to amend his complaint as set forth above.

IT IS SO ORDERED this 2nd day of December, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE