IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTONIO ANTWAIN ASH,           )
                               )
           Petitioner,         )
                               )
                               )     CIV-14-904-R
v.                             )
                               )
MICHAEL ADDISON, Warden,       )
                               )
           Respondent.         )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner is challenging on due process grounds the punishment imposed upon him in a disciplinary proceeding conducted at the Lawton Correctional Facility ("LCF"). Petitioner is currently in custody at the Joseph Harp Correctional Center ("JHCC"). The matter has been referred to the undersigned Magistrate

---

[1] The action was originally filed as a 42 U.S.C. § 1983 action. However, the action was converted to one seeking habeas relief pursuant to 28 U.S.C. § 2241. See Order Nunc Pro Tunc (Doc. # 25). To the extent Petitioner requests relief other than habeas relief, i.e., monetary damages and a transfer to a "work camp," this relief is not available in a habeas action.

1

Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Respondent JHCC Warden Addison has moved to dismiss the action on the basis that Petitioner has failed to exhaust available state remedies. Petitioner has responded to the Motion to Dismiss. For the following reasons, it is recommended that the Motion be granted and the cause of action dismissed due to Petitioner's failure to exhaust available state remedies.

Petitioner contends that he was found guilty of a Class X misconduct and that insufficient evidence was presented at the disciplinary hearing to support the guilty finding. The record shows that on April 8, 2014, Petitioner was charged in an Offense Report with the misconduct of Assault with Injury following an altercation that occurred at LCF involving several inmates.

The Offense Report charged that Petitioner was involved in a group disruption that resulted in serious injury to others. The misconduct charge was later amended to charge Petitioner with Group Disruption. In a disciplinary hearing conducted at LCF on April 24, 2014, Petitioner was found guilty of the misconduct of Group Disruptive Behavior. Motion to Dismiss (Doc. # 28), Ex. 5.

Petitioner appealed the misconduct. Lt. Haungs, an official at LCF, ordered a rehearing because there had been no determination of the reliability of confidential information. Petitioner's Objection (Doc. # 19), Att. 1. In the rehearing conducted on June 24, 2014, Petitioner was found guilty of the misconduct of Group Disruptive Behavior. Motion to Dismiss, Ex. 7.

2

In the report of the disciplinary hearing, the hearing officer indicated that the confidential witness statement(s) had been independently reviewed and found to be reliable. As reasons for the guilty finding, the hearing officer explained that: (1) "offender refused to attend," (2) "injuries [illegible] offender Beard places offender Ash in direct contact with fighting," and (3) "confidential statements plac[e] offender Ash in the cell actively fighting." Id.. Discipline imposed upon Petitioner for the misconduct included the loss of 120 days of earned credits.

Petitioner attempted to appeal the misconduct to the Oklahoma Department of Corrections' ("ODOC") Administrative Review Authority ("ARA"). The ODOC ARA received the misconduct appeal on July 2, 2014, and the ARA received a second misconduct appeal on July 29, 2014. Id., Ex. 8 (Misconduct Grievance Appeal to the Administrative Review Authority file-stamped as received on July 2, 2014), Ex. 9 (Misconduct Grievance Appeal to the Administrative Review Authority file-stamped as received on July 29, 2014).

Petitioner was informed by the ARA in letters dated July 10, 2014, and July 31, 2014, that his appeals were filed improperly. Id., Exs. 8, 9. The ARA's designee, Mr. Knutson, advised Petitioner in each of these letters that he must first submit his appeal to the facility and once he received a response from the facility he may then appeal to the ARA. Petitioner next submitted a letter to Mr. Knutson stating that he had "appealed to the facility and my due process was violated and they scheduled me another hearing." Id., Ex. 10, at 3. Mr. Knutson responded in a letter dated August 12, 2014, that Plaintiff "must first properly file an appeal to the facility after the hearing, in this case your rehearing, before appealing to the

ARA. You have apparently failed to do this." Id. at 4.

With Defendant's Motion, Defendant has presented the affidavit of Mr. Knutson, the Manager of ODOC's ARA. Mr. Knutson avers that he reviewed the ARA's records of misconduct appeals and that Petitioner did not properly exhaust his administrative remedies with the ARA. Id., Ex. 12.

In response to Respondent's Motion to Dismiss, Petitioner asserts that he was unable to exhaust administrative remedies because the "grievance does not provide a remedy." Petitioner's Objection, at 2. Petitioner alleges he also "wrote a letter to Greg Williams Associate Director." Id. at 3.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See Woodford v. Ngo, 548 U.S. 81, 92 (2006); Rose v. Lundy, 455 U.S. 509 (1982). Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). See Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

The exhaustion of state remedies includes both administrative and state court remedies." Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002); see also Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010)("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief. . . .").

In Oklahoma, when earned credits are revoked in a prison disciplinary hearing, the inmate can pursue a judicial remedy in state courts. Okla. Stat. tit. 57, § 564.1. Under this statute, the state court must determine whether due process was provided in an institutional disciplinary proceeding. Id. § 564.1(D). The inmate has 90 days to file his state court action after he was notified of the ODOC's final decision in the administrative appeal process. Id. § 564.1(A)(1) ""[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." Magar v. Parker, 490 F.3d 816, 819 (10th Cir. 2007)(citing, e.g., Woodford v. Ngo, 548 U.S. 81, 92-93 (2006)).

The exhaustion requirement is "strictly enforced" for habeas petitioners. Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995)(quotation marks and citation omitted). Nevertheless, exhaustion may be excused if the petitioner demonstrates that exhaustion was futile or that prison officials made an administrative remedy unavailable to him. 28 U.S.C. § 2254(c)(1); Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010). An inmate "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them. . . ." Jernigan v. Stuchell, 304 F.3d 1030, 1033 (10th Cir. 2002).

Nothing in the record before the Court demonstrates that Petitioner exhausted either

5

his administrative or state judicial remedies. Moreover, nothing in the record before the Court reflects that exhaustion was futile or that any prison official hindered or obstructed Petitioner in his ability to exhaust administrative or state judicial remedies. Consequently, Petitioner's failure to exhaust available administrative and state judicial remedies bars federal habeas review of the merits of his claims, and Respondent's Motion to Dismiss the Petition on exhaustion grounds should be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 28) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED WITHOUT PREJUDICE . The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ____April 8th____ , 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not

specifically addressed herein is denied.

ENTERED this  19th  day of  March , 2015

*[Signature: Gary M. Purcell]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE