# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTONIO ANTWAIN ASH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-14-904-R |
| | ) | |
| MICHAEL ADDISON, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Mr. Ash originally filed this action as a § 1983, seeking reinstatement of earned credits in the context of a prison disciplinary hearing and raising issues related to his conditions of confinement. Rather than dismissing his claims as recommended by Judge Purcell in an October 30, 2014 Report and Recommendation, and based on Petitioner's objection, the Court *sua sponte* granted Mr. Ash permissions to file an amended complaint, indicating it should be limited to claims cognizable under § 1983. (Doc. No. 15, p. 3). In response to the Court's order, Mr. Ash did file an amended pleading, however, contrary to the Court's order, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. The Court accepted Petitioner's $5.00 filing fee and pursuant to 28 U.S.C. § 636(b)(1)(B) the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On March 19, 2015, Judge Purcell issued a Report and Recommendation wherein he recommended the petition be dismissed without prejudice because Petitioner had not exhausted his prison administrative remedies following the rehearing on his disciplinary conviction nor had he sought state court review. The matter is currently before the Court on

Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Petitioner makes specific objection.

Petitioner's stance in this case appears to be the result of his misconstruction of the exhaustion process when a rehearing is ordered and conducted. Petitioner was originally found guilty of a Class X misconduct at the Lawton Correctional Facility on April 24, 2014. On May 13, 2014, he filed an Offender's Misconduct Appeal Form. On May 27, 2014, Lt. P. Huangs determined Petitioner had not been provided due process in the original disciplinary hearing, because there had been no determination by the hearing officer that the confidential informant whose testimony was used to support Petitioner's disciplinary conviction was reliable. On June 18, 2014, Mr. Ash signed the Rehearing Notification and the rehearing was conducted on June 24, 2014. He was again convicted, although he refused to attend the hearing. In a Misconduct/Grievance Appeal Form to the Administrative Review Authority ("ARA") received on July 2, 2014, Mr. Ash complained about the circumstances of the fight that led to his original conviction and the conviction on rehearing. By form letter dated July 10, 2014, the Department of Corrections's Director's Designee informed Mr. Ash "[r]ehearing ordered by the facility head. You must first appeal to the facility head prior to filing an appeal to the director." Doc. 28-8. The letter also indicated he must first appeal to the facility and upon receipt of a response could appeal.

Petitioner filed a second appeal to the ARA, received there on July 29, 2015. By form letter dated July 31, 2014, the Department of Corrections' Director's Designee informed

Petitioner "[y]ou must first submit your appeal to the facility. Once you have received their response, you may appeal to this office." Doc. 28-9. Petitioner had also sent a letter to the ARA, which it received on July 31, 2014, presumably after the July 31, 2014 letter rejecting his appeal was sent. In his letter Petitioner acknowledged that he had received the July 10, 2014 rejection of his appeal, complained about its untimely receipt and alleged corruption at Lawton Correctional Facility. He did not, however, allege that he appealed the conviction on rehearing to the facility head, as required by the procedures for appealing disciplinary actions. On August 12, 2014, the Department of Corrections' Director's Designee completed a third form response to Plaintiff, therein stating:

> In response to your letter to ARA dated 7/29/2014, I will reiterate this office's response to you dated July 31, 2014, you must first properly file an appeal to the facility after the hearing, in this case, your rehearing, before appealing to ARA. You have apparently failed to do this.

Doc. 28-10.

Judge Purcell recommended dismissal of the petition without prejudice on two grounds, first Petitioner had not properly exhausted the prison administrative review process, and two, he had not sought judicial review in state court pursuant to Okla. Stat. tit. 57 § 564.1. He further concluded that nothing in the record indicates that properly appealing his disciplinary conviction would have been futile or that prison officials hindered or obstructed his ability to do so.

Petitioner objects on the basis that the grievance process does not provide the remedy he seeks. He cites to requests to staff and offender's misconduct appeals forms, and the

3

grievance policy that prohibits grievances for disciplinary actions against staff, for monetary compensation and for issues in litigation. Judge Purcell, however, did not indicate Petitioner should follow the grievance procedure. Rather, Mr. Ash was required, after rehearing, to proceed with the appellate process for misconducts from the beginning, as if the actions before the rehearing had never occurred. The June 24, 2014 disciplinary conviction became the basis for his appeal, and he was required to first appeal within the facility, and then, if denied, could seek review from the ARA. The ARA informed Petitioner of this process on three occasions. If not successful in this process Petitioner could then file an application in the appropriate state court. That Mr. Ash did not have law library access is not relevant, where, as here, the ARA gave him instructions on how to complete the process, and clearly he had the ability to seek relief based on his repeated filings and letters to the ARA in July, 2014.

For the reasons set forth herein, the Report and Recommendation is hereby ADOPTED IN ITS ENTIRETY and the petition is hereby DENIED without PREJUDICE in light of Petitioner's failure to exhaust the prison disciplinary exhaustion process or to exhaust his state court remedies.

IT IS SO ORDERED this 10th day of April, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE